PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* RAMIRO OLABARRÍA, Defendant and Appellant.

No. 2688.   Argued March 5, 1926.—Decided March 31, 1926.

*Antonio Reyes Delgado* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In a case of malicious mischief the evidence of the government tended to show that the defendant deliberately threw a stone at a chicken belonging to the prosecuting witness; that the stone hit the chicken and injured it on one or both wings. The chicken shortly afterward died. The evidence of the defendant tended to show that to disperse the chickens of the prosecuting witness and wanting to catch or feed a chicken of his employer he threw the stone and unfortunately, according to defendant, hit the chicken of the said prosecuting witness. All the chickens apparently occupied a common territory or *"corral."*

Now it is certainly true, as appellant maintains, that in this class of crime the malice should stand out and the commission thereof take place intentionally without just cause or excuse. This is not the case of a trespassing animal and in its facts is totally distinguishable from the case of *People* v. *Valdés,* 23 P.R.R. 662, discussed by both parties. That case, however, is authority to the effect that evidence may be introduced to show that the motives of the defendant were proper.

If one wants to disperse chickens it is not necessary to throw a stone at them. Anyone who does so must intend the natural or probable consequences of his act. The intention is to be deduced from the act and its possible natural consequences and not alone from the absence of a conscious malicious intent. This is giving a certain amount of weight to the evidence of defendant.

On the other hand, from the deliberate throwing of the

stone wounding the chicken the court had a right to infer the malice and was not bound to believe the statement of the defendant and his witnesses. The defendant does not convince us that the court erred in weighing the evidence.

At the close of the government's case the defendant moved for a nonsuit and when denied went on with his own evidence. This presentation of evidence is generally a waiver of the motion as such, and the only question is whether the court's ultimate finding was correct.

The defendant expresses something like regret at troubling the court with a matter only involving a fine of $25. We agree with him, however, that he had a right to attempt to clear himself of the imputation of malice and to some extent for this reason we have expressed our reasons for an affirmance at greater length than was necessary.

The judgment must be affirmed.